UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  1:16-cv-20349

HOWARD A. FITZGERALD III,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian Corporation, d/b/a ROYAL
CARIBBEAN INTERNATIONAL,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Plaintiff hereby sues the Defendant and alleges as follows:

### JURISDICTIONAL AND PRELIMINARY ALLEGATIONS

1.  Plaintiff, HOWARD A. FITZGERALD III, is a citizen of the state of Virginia.

2.  Defendant, ROYAL CARIBBEAN CRUISES, LTD., a Liberian corporation, d/b/a ROYAL CARIBBEAN INTERNATIONAL, is a foreign corporation incorporated in Liberia, authorized to do business in the State of Florida, and having its principal place of business in Miami-Dade County, Florida.

3.  All conditions precedent for filing and maintaining this action have been fulfilled, waived, or do not apply.

4.  This action in controversy exceeds, exclusive of interest, costs and attorney's fees, $75,000.00, as specified by 28 U.S.C. § 1332.

5.  In the alternative, if diversity jurisdiction does not apply then this matter falls under the admiralty or maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333, and is being filed in

Federal Court in the Southern District of Florida as required by the venue selection clause in the Passenger Ticket Contract issued by Defendant.

6. At all times material hereto, Defendant personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county/or state; and

    f. Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard their vessel.

7. Defendant is subject to the jurisdiction of the Courts of this state.

8. The causes of action asserted herein arise under the General Maritime Law of the United States.

9. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Grandeur of the Seas*.

10. On or about January 30, 2015, the Plaintiff was a paying passenger on Defendant's vessel, the *Grandeur of the Seas*, which was in navigable waters.

11. On or about January 30, 2015, Plaintiff was physically assaulted by another, intoxicated passenger aboard the *Grandeur of the Seas*.

12. In addition to the physical assault, on or about January 30, 2015, the Plaintiff also sustained personal injuries when he slipped and fell during the altercation.  During the course of the altercation, Plaintiff, in protecting himself, slipped and fell on water that had pooled on that day for an extended period of time.

13. Instances of overserving alcohol to passengers occur aboard Defendant's vessels.  Yet Defendant fails to take adequate steps or provide adequate training and/or security and/or supervision to prevent such overserving of alcohol, in turn increasing physical assaults by passengers, Defendant's failing to take these steps to ensure passenger safety is motivated purely by financial gain; by failing to train and/or supervise its employees, Defendant is able to serve more alcoholic beverages, increasing its beverages profits.

## COUNT I – NEGLIGENCE

Plaintiff realleges, incorporates by reference, and adopts his allegations set forth in Paragraphs one (1) through thirteen (13) as though alleged originally herein.

14. At all times material hereto, it was the duty of the Defendant to provide Plaintiff with reasonable care under the circumstances while he was a passenger aboard Defendant's ship.

15. On or about January 30, 2015, the Plaintiff was injured due to the fault and negligence of Defendant, and/or its agents, servants and/or employees, as follows:

   a. Failing to provide reasonable safe conditions for the Plaintiff during his voyage aboard the *Grandeur of the Seas*. Reasonably safe conditions include, but are not limited to: (i) preventing an atmosphere wherein persons could physically assault and/or batter other passengers; (ii) controlling passengers who were clearly and/or visibly intoxicated so as to be dangerous to others; (iii) preventing overserving of

alcohol to clearly and/or visibly intoxicated passengers; and/or (iv) having adequate security personnel aboard its vessel and/or pool deck;

b.  Failing to protect passengers from physical assaults and/or batteries by other passengers;

c.  Failing to adequately monitor passengers so as to keep them away from dangerous passengers and/or dangerous situations;

d.  Failing to warn passengers of the dangers of overserving alcohol to already intoxicated passengers;

e.  Failing to warn passengers of the prevalence of physical assaults aboard Defendants' ships;

f.  Failing to warn passengers of the prevalence of violence aboard Defendant's ships;

g.  Failing to promulgate and/or enforce policies and/or procedures designed to prevent passengers from committing physical assaults and/or batteries against other passengers aboard the ships;

h.  Failing to promulgate and/or enforce policies and/or procedures designed to prevent passengers from over-ordering alcoholic beverages when they are already visibly and/or clearly intoxicated;

i.  Failing to promulgate and/or enforce policies and/or procedures designed to prevent bartenders from over-serving alcoholic beverages to already visibly and/or clearly intoxicated passengers;

j.  Failing to adequately monitor and control the conduct of passengers onboard the vessel;

k.  Failing to have adequate security aboard the vessel;

l.  Failing to adequately train security;

m.  Failing to adequately supervise security;

n.  Failing to have security act reasonably and/or adequately and/or timely;

o.  Failing to provide adequate security to prevent and/or timely intervene in physical assaults, batteries, verbal altercations and/or disputes among passengers aboard the ship;

p.  Failing to adequately monitor ship's common areas so as timely identify and respond to passenger physical assaults and/or batteries;

q.  Failing to maintain and/or monitor security cameras on the vessel, including the 9th floor deck, in order to identify potential dangerous situations, incidents and/or passengers;

r.  Failing to restrict unreasonably intoxicated passengers from the ship's common areas, such as the 9th floor deck, to avoid physical violence and/or injuries to other passengers, such as Plaintiff

all of some of which caused and/or contributed to the Plaintiff being physically assaulted and/or battered and injured aboard the *Grandeur of the Seas*.

16.  As a direct and proximate result of the negligence of Defendant, the Plaintiff was directly and proximately caused to be physically assaulted and/or battered, and/or suffer emotional distress.

17.  As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation

of any previously existing conditions therefrom, incurred medical expenses in the case and treatment of his injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been greatly impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, the Plaintiff demands judgment against Defendant, for all non-economic damages suffered in the past and in the future on a permanent basis of the bodily and personal injuries suffered by the Plaintiff, HOWARD A. FITZGERALD III, including but not limited to bodily injury, pain, suffering, mental anguish, loss of the enjoyment of life, physical impairment, disability, inconvenience and disfigurement; and economic damages suffered in the past and in the future on a permanent basis by the Plaintiff, HOWARD A. FITZGERALD III, including but not limited to medical expenses, household and other expenses, loss of income, and loss of the ability and capacity to earn an income in the future; all court costs; all interest which accrues form the date of the incident on all economic and non-economic damages under General Maritime Law; and any and all other damages recoverable under the law against the Defendant, and demands a jury trial of all issues so triable.

Respectfully Submitted,

**LAW OFFICES OF BRANDON L CHASE, P.A.**
*Attorneys for Plaintiff*
The Ingraham Building
25 Southeast 2nd Avenue, Eighth Floor
Miami, Florida
Phone: (305) 677-1889
Facsimile: (305) 675-0515

By:     */s/* Brandon L. Chase
        **BRANDON L. CHASE**
        Florida Bar No.: 90961